IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TOWER INS. CO. OF NEW YORK,

    Plaintiff,

v.

CAPURRO ENTERPRISES INC., et al.,

    Defendant.

          /

No. C 11-03806 SI

**ORDER RE: SUMMARY JUDGMENT**

On December 15, 2011, the Court issued an order denying plaintiff/counter-defendant Tower Insurance Company's ("Tower") motion for summary judgment on its complaint for declaratory judgment (the "Order"). Tower's complaint seeks a declaration that it had no duty to defend or indemnify its insured, defendant Capurro Enterprises, Inc. and Nicholas L. Capurro Jr. (collectively, "Capurro") in an underlying action brought by a third party against Capurro.[1] After denying Tower summary judgment on the issue of Tower's duty to defend, the Court stated that "[i]t is not clear whether the parties will contend that there remains of genuine issue of material fact regarding coverage *vel non*, since Capurro did not file a cross motion for summary judgment on this issue." Order at 14. At the subsequent Case Management Conference, held December 16, 2011, the Court asked the parties to submit letter briefs as to whether summary judgment should be granted for Capurro on the coverage issue, pursuant to Fed. R. Civ. P. 56(f)(1) and *Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 311 (9th Cir. 1982) (setting forth the standard for granting summary judgment *sua sponte* to a non-moving party).

The parties subsequently filed letter briefs with the Court. Tower's letter brief states that, "[t]he

---

[1] The underlying action, *Certa ProPainters Ltd. v. Capurro*, 10-CV-1542, settled. Order at 3.

issue upon which counsel most likely would have devoted his energy, had Capurro filed a cross motion, was the application of [the insurance contract's] exclusion f, applicable to advertising injury 'arising out of breach of contract.'"[2] Tower Letter Brief, Jan. 5, 2012, Doc. 48.  The letter then proceeds to set forth Tower's argument as to why exclusion f would have precluded a duty to defend.  *Id.*  Capurro responded with its own letter brief, which extensively argues why exclusion f did not release Tower from its duty to defend or indemnify Capurro in the underlying action.  Capurro Letter Brief, Jan. 17, 2012, Doc. 49.          In *Cool Fuel*, the Ninth Circuit stated that judgment is proper in favor of a non-movant when "the moving party against whom summary judgment [is] rendered had a full and fair opportunity to ventilate the issues involved in the motion."  685 F.2d at 312.  After reading the letter briefs, the Court finds that the issue of the breach of contract exclusion was not fully ventilated in the briefing papers for Tower's motion for summary judgment.  There, the parties disputed, and the Court analyzed, the insuring clause, exclusions "I" and "l", and whether the underlying action implicated usage of the injured party's trade dress.  *See* Order, 7-10.  The Court did not address whether exclusion f affected Tower's duty to defend or indemnify.  Therefore, if Capurro seeks summary judgment in its favor on the issue, it is required to file a motion to that effect.

**IT IS SO ORDERED.**

Dated: January 23, 2012

SUSAN ILLSTON
United States District Judge

---

[2] "Exclusion f" excludes coverage for "'personal and advertising injury' arising out of a breach of contract, except an implied contract to use another's advertising idea in your advertisement.'"

2